UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN LEONARD SHARP JR., <br><br> Petitioner, <br><br> v. <br><br> STUART SHERMAN, <br><br> Respondent. | Case No. 2:20-CV-09839 GW (KES) <br><br> ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |

On October 26, 2020, Calvin Leonard Sharp Jr. ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) Petitioner also filed: (1) a "Motion for Summary Reversal," (2) a "Motion for Writ of Error of Coram Nobis," (3) a "Motion to Accept Request for Judicial Notice," (4) a "Motion to Accept Habeas Corpus," (5) a "Nature of Motion for Acquittal," and (6) "Contentions." (Dkt. 3–8.) The Petition is the third habeas corpus petition that Petitioner has filed in this Court stemming from his 2012 state court conviction and sentence in Ventura County Superior Court case number 2008014330.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must"

be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.

# BACKGROUND

**A.  State Court Proceedings.**

On November 6, 2009, petitioner pleaded guilty to one count of first degree murder, two counts of attempted murder, two counts of aggravated mayhem, and one count of cruelty to an animal. Sharp v. Warden, No. 2:16-cv-02504-GW-AJW (C.D. Cal. Feb. 1, 2017) ("Sharp I") (Dkt. 21-1 at 29: Lodged Ventura County Superior Court case number 2008014330 docket).[1] Petitioner waived his right to a jury trial with respect to the sanity phase. Id. On November 2, 2012, following a lengthy sanity phase trial, the court found that Petitioner was sane at the time he committed the crimes. Id. at 51–92. Thereafter, on December 5, 2012, the court sentenced Petitioner to state prison for a term of life without the possibility of parole, plus two consecutive life terms and an additional ten-year term. Id. at 93. On May 14, 2014, the California Court of Appeal modified the judgment to include court assessments and ordered the abstract of judgment corrected to reflect sentences of life with the possibility of parole on the attempted murder and mayhem counts and in all other respects affirmed the judgment. People v. Sharp, No. 2D

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the docket sheets and related documents in Sharp I. See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

CRIM. B245525, 2014 WL 2111679, at *1, 2014 U.S. Dist. LEXIS 3585, at *1 (Cal. Ct. App. May 21, 2014). Petitioner did not file a petition for review in the California Supreme Court. (Pet. at 3.)

On September 8, 2015, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on December 9, 2015. See California Appellate Courts Case Information, Case No. S229104.[2] On April 13, 2016, Petitioner filed a habeas petition in Ventura County Superior Court, which was denied on May 19, 2016. Sharp I, Dkt. 21-1 at 102. On September 12, 2016, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on November 16, 2016, with a citation to In re Clark, 5 Cal. 4th 750, 767–69 (1993). See California Appellate Courts Case Information, Case No. S237134.

On January 9, 2019, Petitioner filed a habeas petition, along with a petition for writ of mandate, in the California Court of Appeal, which were summarily denied on January 21, 2020. See California Appellate Courts Case Information, Case Nos. B303495, B303500. On April 2, 2020, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on August 26, 2020. See California Appellate Courts Case Information, Case No. S261647.

**B.    Prior Federal Habeas Petitions.**

On April 12, 2016, Petitioner filed his first habeas petition in federal court, which was dismissed as untimely on November 15, 2017. Sharp I, (Dkt. 1, 36). On March 19, 2018, Petitioner filed his second habeas petition in federal court, which was dismissed as successive on April 11, 2018. Sharp v. Sherman, No. 2:18-cv-02235-GW-FFM (C.D. Cal. filed March 19, 2018) ("Sharp II") (Dkt. 1, 18). On April 12, 2018, Petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. Sharp v. Biter, No. 18-

---

[2] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm>.

3

71045 (9th Cir. Filed Apr. 12, 2018). On Dec. 4, 2018, the application was denied in a written order, finding that Petitioner had not made a prima facie showing that he was entitled to file a successive petition. Id. (Dkt. 8).[3] On October 26, 2020, Petitioner filed the instant Petition.

## II.

## DISCUSSION

The instant Petition raises a single claim for relief: the trial court's erroneous acceptance of his guilty plea combined with a not guilty plea by reason of insanity on the same charges deprived Petitioner of his constitutional rights to the effective assistance of counsel, a fair trial, a jury trial, and due process of law. (Pet. at 16–19.)

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[3] On September 16, 2020, Petitioner filed a request for enlargement of time to file a habeas petition, which was denied on September 29, 2019, as an invalid request to seek an advisory opinion. Sharp v. Warden, Case No. 2:20-cv-08598-GW-KES (C.D. Cal. filed Sept. 16, 2020) (Dkt. 1, 3).

4

         (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244(b) (emphasis added).

    The Petition now pending constitutes a second and successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

    The other motions filed by Petitioner (Dkt. 3–8) are alternative requests under state law to attack his conviction and go to the merits of his habeas request. See, e.g., In re Horton, 54 Cal. 3d 82, 87 (1991) (noting that a motion for summary reversal is an alternative to a writ of habeas corpus); Martinez v. Lockyer, 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had.") (citation omitted). Neither the Petition nor the alternative motions address the successive petition issue. Without an order from the Ninth Circuit authorizing this Court to consider Petitioner's successive Petition, the Court

lacks the subject matter jurisdiction to address either the Petition or any of the other motions.

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts..

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 5, 2020  _____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE